UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JERRY DEAN PETERSON,<br><br>            Plaintiff,<br><br>     v.<br><br>SNOHOMISH COUNTY SUPERIOR COURT, et al., | CASE NO. 2:23-cv-01093-MJP-BAT<br><br>**REPORT AND RECOMMENDATION** |

Jerry Dean Peterson, Plaintiff, a Snohomish County jail pretrial detainee, filed a *pro se* 42 U.S.C. 1983 complaint against the Snohomish County Superior Court and the State of Washington alleging these Defendants violated his rights by appointing ineffective criminal defense counsel. The Court recommends DISMISSING the complaint because it names Defendants that are immune from suit, and because the Court must abstain from intruding upon Plaintiff's pending state criminal charges. Because these defects cannot be cured by amendment of the complaint, the Court recommends DENYING leave to amend.

**DISCUSSION**

The Court screens complaints filed by detainees and must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such

REPORT AND RECOMMENDATION - 1

1   relief." 28 U.S.C. § 1915A(a) (b); *accord* § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193,
2   1194 (9th Cir. 1998).

3         The three-count complaint alleges Plaintiff is a pretrial detainee pending charges for Rape
4   of a Child in the First Degree, Rape of a Child in the Second Degree, and Rape of a Child in the
5   Third Degree. *See* Dkt. 6, Exh.at 1. Count I of the complaint alleges Defendants appointed
6   ineffective counsel in February 2020. *Id.* at 4. The Court subsequently granted Plaintiff's motion
7   to replace counsel. *Id.* at 5. Count II alleges Defendants appointed ineffective counsel in August
8   2020. *Id.* at 6. This lawyer replaced Plaintiff's first appointed defense lawyer and represented
9   Plaintiff for 19 months. The Court granted Plaintiff's motion that this lawyer be replaced. *Id.*
10  Count III alleges Defendants violated Plaintiff's right to a speedy trial. *Id.* at 7.

11        Plaintiff broadly alleges because Defendants appointed ineffective counsel, his trial date
12  has been delayed for three and a half years, and this delay violated Plaintiff's right to a speedy
13  trial and prejudiced his defense. *Id.* at 5, 7, 8.

14        Plaintiff names as Defendant, the State of Washington. This Defendant is immune from
15  suit in federal court under the Eleventh Amendment because it has not expressly waived its
16  constitutional immunity. *Alden v. Maine*, 527 U.S. 706 (1999); *Whiteside v. State of Washington*,
17  534 F.Supp. 774 (E.D. Wash. 1982). Therefore, the claims against the State of Washington must
18  be dismissed.

19        Courts that are state agencies also have sovereign immunity from suit under the Eleventh
20  Amendment. *Will v. Michigan Dep't of State Police*, 520 U.S. 43, 69 (1997); *Greater Los*
21  *Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987). The Snohomish
22  County Superior Court is a state agency, established by the Washington State Constitution and
23  funded by the state government. *See* Wash. Const. art. IV, §§ 1.6; *City of Spokane v. Marquette*,

REPORT AND RECOMMENDATION - 2

146 Wash. 2d 124, 135 (2002) (en banc). Accordingly, the Court must dismiss the allegations against Defendant Snohomish County Superior Court.

In addition to suing Defendants that are immune from suit, the complaint also challenges the Snohomish County Superior Court's appointment of criminal defense counsel in a criminal proceeding that is still pending before the state court. This Court should abstain from considering the alleged claims under *Younger v. Harris*, 401 U.S. 37, 43-46 (1971). The *Younger* abstention doctrine reflects principles of equity and comity. *Id*. The Ninth Circuit applies a four-part test to determine application of *Younger* abstention:

> We must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves.

*San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). Under these factors, *Younger* abstention applies here.

First, Plaintiff's state court criminal matter appears to be currently pending. Second, the state court proceeding arises out of a criminal prosecution. The nature of the proceeding implicates important state interests as the State of Washington has a strong interest in enforcing its criminal laws. Third, Plaintiff either has or could have raised his claims in his ongoing state court criminal case. He thus has an adequate state forum in which to raise his claims. Finally, federal adjudication of Plaintiff's claims that the Superior Court judicial system violated his federal rights in the context of his criminal court case would necessarily interfere with the pending state court criminal matter. Accordingly, the interests of equity and comity dictate this Court must abstain from adjudication of Plaintiff's claims because all four *Younger* abstention

REPORT AND RECOMMENDATION - 3

factors are satisfied. Accordingly, Plaintiff's claims are subject to dismissal without prejudice pursuant to *Younger*.

In summary, Plaintiff sues Defendants who are immune from suit. His claims should therefore be dismissed with prejudice. Alternatively, as Plaintiff appears to challenge an on-going state criminal prosecution, the Court should abstain from interfering with that prosecution and dismiss the case without prejudice.

Although Plaintiff proceeds *pro* se, leave to amend should be denied because amendment would be futile. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore, Plaintiff should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **August 10, 2023.** The Clerk shall note the matter for **August 11, 2023**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 24th day of July, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge