UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JERRY DEAN PETERSEN,<br><br>Plaintiff,<br><br>v.<br><br>SNOHOMISH COUNTY SUPERIOR COURT, and THE STATE OF WASHINGTON,<br><br>Defendant. | CASE NO. C23-1093 MJP-BAT<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the U.S. Magistrate Judge Brian A. Tsuchida (Dkt. No. 7), and Plaintiff's Objections to the Report and Recommendation (Dkt. No. 9). Having reviewed the R&R, Plaintiff's Objections, and all supporting materials, the Court ADOPTS the R&R and OVERRULES Plaintiff's Objections.

**BACKGROUND**

Plaintiff Jerry Dean Peterson is a current Snohomish County jail pretrial detainee. (R&R at 1.) Peterson filed a pro se 42 U.S.C. § 1983 Complaint alleging the Snohomish County

Superior Court and the State of Washington ("Defendants") violated his civil rights by appointing ineffective criminal defense counsel and denying his right to a speedy trial. (Id.)

In February 2020, the Snohomish County Superior Court assigned a public defender to represent Petersen against various criminal charges. (Complaint at 4-5 (Dkt. No. 6.)  After approximately six months of representation, Petersen petitioned the superior court requesting replacement counsel. (Id. at 6.) The Snohomish County Court granted Petersen's motion. (Id.) After roughly nineteen (19) months with new counsel Petersen again brought a motion for replacement counsel. (Id. at 6.) Again, the Court granted Petersen's request. (Id.) Petersen now brings this federal action alleging Defendants appointed ineffective assistance of counsel and, because his trial has been delayed for three and a half years, that this delay violated his right to a speedy trial and prejudiced his defense. (Id. at 4-9.)

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a government entity, officer, or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss the complaint, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b), (e)(2). The R&R recommends dismissing the action because the named Defendants are immune from suit, and because the Court must abstain from intruding upon Petersen's pending state criminal charges. (R&R at 1.) The R&R suggests that these defects cannot be cured by amendment and recommends the Court deny leave to amend the complaint. (Id.) Petersen objects to the R&R's conclusions and argues that Defendants are not immune from suit and the Court should not abstain from hearing the case. (Objections at 5-9.)

## ANALYSIS

### A. Legal Standard

Federal Rule of Civil Procedure 72 requires the Court to resolve de novo any part of a Magistrate Judge's Report and Recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1). The Court may, accept, reject, or modify the recommended disposition. Id.

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (a) he suffered a violation of rights protected by the Constitution or created by a federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. West v. Atkins, 487 U.S. 42, 48 (1988). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing the harm alleged in the complaint. See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

### B. Eleventh Amendment

Petersen names the Snohomish County Superior Court and the States of Washington as defendants. Neither is a proper defendant in a section 1983 action because both defendants are immune from suit.

Any claim brought under 42 U.S.C. § 1983 must be brought against "persons" acting under color of state law. 42 U.S.C. § 1983. The United States Supreme Court has made clear that states and state agencies are not "persons" subject to suit under § 1983. And "the Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991) (internal citation omitted). This jurisdictional bar extends to state agencies and departments, and applies whether legal or equitable relief is sought. Id.; see also Shaw v. State of California Dep't of

Alcoholic Beverage Control, 788 F.2s 600, 603 (9th Cir. 1986) ("A suit against a state agency is considered to be a suit against the state, and thus is barred by the Eleventh Amendment.") Snohomish County Superior Court is a state agency as established by the Washington State Constitution. Wash. Const. art. IV, §§ 1, 6. As such, both the State of Washington and the Snohomish County Superior Court are not "persons" subject to a section 1983 claim and are immune from Petersen's suit under the Eleventh Amendment.

Petersen argues that RCW § 4.92.090 allows the State of Washington to be held liable for damages arising out of its tortious conduct. (Objections at 5.) Petersen is correct that section 4.92.090 provides "[t]he state of Washington, whether acting in its governmental or proprietary capacity, shall be liable for damages arising out of its tortious conduct to the same extent as if it were a private corporation." But RCW § 4.92.090 is not a waiver of the State's Eleventh Amendment immunity. McConnell v. Critchlow, 661 F.2d 116, 117 (9th Cir. 1981) (holding "Washington's waiver of immunity in its own courts does not waive its immunity in the federal courts"). And the Washington Supreme Court has previously determined that RCW § 4.92.090 has no application to claims under Section 1983. Rains v. State, 100 Wn.2d 660, 667-68 (1983). Because Petersen has not demonstrated that the State or the Snohomish County Superior Court waived immunity to be tried in federal court, he cannot bring this suit against them. The Court OVERRULES the Objections and ADOPTS the R&R on this issue.

**C.     The Younger Abstention**

The "Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Com. Pol. Action Comm. v. City of San Jose, 546 F.3d 1087, 1091 (9th Cir. 2008). Absent extraordinary circumstances, these principles "instruct [federal courts] to abstain from exercising our jurisdiction in certain

circumstances when . . . asked to enjoin ongoing state enforcement proceedings." Nationwide Biweekly Admin., Inc. v. Owen, 873 F.3d 716, 727 (9th Cir. 2017). "Younger abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (alterations and internal quotation marks omitted). But "even if Younger abstention is appropriate, federal courts do not invoke it if there is a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" Id. at 765-66 (quoting Middlesex Cnty Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982).

Petersen concedes the elements of the Younger abstention are met in this case, but argues there is bad faith, harassment, extraordinary circumstances, and irreparable harm that warrant the Court not invoking the doctrine. (Objections at 10.) Petersen's argument fails to explain to the Court why those exceptions apply. (Id.) Instead he asserts that Defendants' alleged section 1983 violations against him necessarily mean bad faith, harassment, extraordinary circumstances and irreparable harm exist. But there is nothing to suggest the Court should apply the exceptions to Younger simply because the case involves allegations of 1983 violations. Because Petersen fails to demonstrate that the exceptions apply, his argument fails. The Court OVERRULES the Objections and ADOPTS the R&R on this issue.

## CONCLUSION

The Court has considered Petersen's Objections to the Report and Recommendation. The Court finds no merit to the Objections. The Court therefore OVERRULES the Objections and ADOPTS the R&R and DISMISSES this action. Because further amendment would be futile

against defendants immune from suit, the Court DISMISSES the action with prejudice. Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (dismissal with leave to amend is appropriate "unless [the court] determines that the pleading could not possible be cured by the allegation of other facts").

The clerk is ordered to provide copies of this order to all counsel.

Dated November 13, 2023.

Marsha J. Pechman
United States Senior District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION - 6